WILL LEMKUL
California Bar No. 219061
MORRIS, SULLIVAN & LEMKUL, LLP
9915 Mira Mesa Blvd., Suite 300
San Diego, CA 92131
Telephone: (858) 566-7600
Telecopier: (858) 566-6602

Attorneys for DEFENDANTS MVP GROUP INTERNATIONAL, INC.; PAULA DEEN ENTERPRISES, LLC.; PAULA DEEN RETAIL, INC.; PAULA DEEN ONLINE, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

McCALL'S COUNTRY CANNING, INC., a California Corporation,

Plaintiff,

v.

PAULA DEEN ENTERPRISES, LLC, a Georgia Limited Liability Company; PAULA DEEN RETAIL, INC., Georgia Corporation; PAULA DEEN ONLINE, INC., a Georgia Corporation; MVP GROUP INTERNATIONAL, INC, a Kentucky Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1-10 Inclusive,

Defendants.

Case No.: 09 CV 0952 LAB BLM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS PAULA DEEN ENTERPRISES, LLC, PAULA DEEN RETAIL, INC., PAULA DEEN ONLINE, INC., AND MVP GROUP INTERNATIONAL, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

**[FRCP 12(b)(6), CivLR 7.1]**

ORAL ARGUMENT REQUESTED

Hearing Date: **August 24, 2009**
Hearing Time: **11:15 a.m.**
Courtroom: **9**
Judge: **Hon. Larry Burns**

////

////

////

////

////

## TABLE OF CONTENTS

I. INTRODUCTION . . . . . . . . . . 2

II. FACTUAL BACKGROUND . . . . . . . . . . 3

III. ARGUMENT . . . . . . . . . . 3

1. **STANDARD FOR MOTION TO DISMISS.** . . . . . . . . . . 3

2. **MCCALL'S HAS NOT STATED ANY PROPER CLAIMS FOR RELIEF UNDER THE LANHAM ACT, CALIFORNIA OR COMMON LAW** . . . . . . . . . . 4

A. **McCall's Has Not Stated a Claim for Trademark Infringement or Tradmark Dilution (First Claim for Relief)** . . . . . . . . . . 4

1. *McCall's Has Not Stated a Claim for Trademark Infringment Because It Has Not Alleged a Likelihood of Confusion* . . . . . . . . . . 4

2. *McCall's Has Not Stated a Claim for Trademark Dilution Because It Has Not Alleged That The McCall's Mark is "Famous" or that Defendants Are Using an "Identical Mark."* . . . . . . . . . . 6

3. *McCall's First Claim for Relief Under the Lanham Act Does not Provide For Recovery of Punitive Damages.* . . . . . . . . . . 8

4. *McCall's Has Not Stated a Claim for Contributory or Vicarious Trademark Infringement.* . . . . . . . . . . 8

B. **McCall's Has Not Stated a Claim for Unfair Competition, False Designation of Origin, and False Advertising Under the Lanham Act (Second Claim for Relief)** . . . . . . . . . . 9

1. *McCall's Has Not Stated a Claim for Unfair Competition or False Designation of Origin Because It has Not Alleged a Likelihood of Confusion.* . . . . . . . . . . 9

2. *McCall's Has Not Stated a Claim for False Advertising Because It Has Not Alleged a False Statement.* . . . . . . . . . . 10

C. **McCall's Has Not Stated a Claim For Statutory Trademark Infringement and Dilution (Third Claim for Relief).** . . . . . . . . . . 11

1. *McCall's Has Not Alleged Standing to Sue for Statutory Trademark Infringement And Has Not Stated a Claim* . . . . . . . . . . 11

2. *McCall's Has Not Stated a Claim for State Law Trademark Dilution Because It Has Not Alleged That The McCall's Mark is "Famous" or that Defendants Are Using an Identical Mark.* . . . . . . . . . . 11

D. **McCall's Has Not Stated a Claim for Unfair Competition Because It Has Not Alleged an Unlawful, Unfair, or Fraudulent Business Act (Fourth Claim for Relief).** . . . . . 12

E. **McCall's Has Not Stated a Claim For Deceptive Trade Practices Because It Has Not Alleged Any Deceptive or Misleading Statements or Advertising (Fifth Claim for Relief).** . . . . . 12

F. **McCall's Has Not Stated a Claim for Common Law Trademark Infringement and Unfair Competition Because It Has Not Alleged a Likelihood of Confusion (Sixth Claim for Relief).** . . . . . 13

IV. CONCLUSION . . . . . 14

# TABLE OF AUTHORITIES

Ashcroft v. Iqbal
129 S. Ct. 1937, 1949-1952 (2009) ("Iqbal) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,5

Applied Information Sciences Corp. v. eBAY, Inc.
511 F.3d 966, 969 (9th Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Interscope Records v. Rodriguez
Civ. No. 06cv2485-B, 2007 WL 2408484, at *1 (S.D. Cal. Aug. 14, 2007) (not reported) 5

Jada Toys, Inc. v. Mattel, Inc.
518 F.3d 628, 634 (9th Cir. 2008) (citing 15 U.S.C. § 1125(c)(1)) . . . . . . . . . . . . . . . 6,12

Avery Dennison Corp. v. Sumpton
189 F.3d 868, 873-74 (9th Cir.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Corsair Memory, Inc. v. Corsair7.com
2008 WL 4820789, *3 (N.D.Cal.,2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Ty Inc. v. Perryman
306 F.3d 509,511 (7th Cir.,2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Electronics Corp. of America v. Honeywell, Inc.
358 F.Supp. 1230, 1234-1235 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fleischmann Distilling Corp. v. Maier Brewing Co.
386 U.S. 714, 720 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Perfect 10, Inc. v. Visa Intern. Service Ass'n
494 F.3d 788, 806 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

E. & J. Gallo Winery v. Gallo Cattle Co.
967 F.2d 1280, 1288 n. 2 (9th Cir.1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

M2 Software, Inc., v. Madacy Entertainment
421 F.3d 1073, 1080, n.5 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11,13

Southland Sod Farms v. Stover Seed Co.
108 F.3d 1134, 1139 (9th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Panavision Int'l, L.P. v. Toeppen
141 F.3d 1316, 1324 (9th Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Bell Atlantic Corp. v. Twombly
550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Williams v. Gerber Products Co.
552 F.3d 934, 938 (9th Cir. 2008) (citing Cal. Bus. and Prof. Code § 17500). . . . . . . . 13

## STATUTES


("FRCP") 12(b)(6) . . . . . . . . . . 2

("FRCP") 8(a)(2) . . . . . . . . . . 3

Lanham Act, 15 U.S.C. Section 1114 . . . . . . . . . . 4,10

Lanham Act, 15 U.S.C. Section 1125 . . . . . . . . . . 6,10

Lanham Act § 43(C)(2), 15 U.S.C.A. § 1125(C)(2) . . . . . . . . . . 7,10

Lanham Act," 15 U.S.C. § 1117 . . . . . . . . . . 8

Cal. Bus. & Prof. Code § 14245 (West 2009) . . . . . . . . . . 11

Cal. Bus. & Prof. Code § 17200 (West 2009) . . . . . . . . . . 12


## MISCELLANEOUS


H.R.Rep. No. 109-23, at 9 (2005), reprinted in 2006 U.S.C.C.A.N. 1091, 1097-98. . . . . 7

McCarthy on Trademarks . . . . . . . . . . 7

McCarthy on Trademarks § 24:104. . . . . . . . . . . 7

Restatement Third, Unfair Competition § 36, comment "n" (1995) . . . . . . . . . . 8

McCarthy on Trademarks § 30:97. . . . . . . . . . . 8

59 Cal. Jur. 3d Trademarks and Tradenames § 28 . . . . . . . . . . 11

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356. . . . 12


////

////

////

////

////

////

////

////

////

NOW APPEARS DEFENDANTS PAULA DEEN ENTERPRISES, LLC, PAULA DEEN RETAIL, INC., PAULA DEEN ONLINE, INC., and MVP GROUP INTERNATIONAL, INC., (hereinafter "Defendants"), severing themselves from all other Defendants, if any, and hereby respectfully submit the following Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim upon Which Relief Can Be Granted under Fed. R. Civ. Proc. ("FRCP") 12(b)(6).

This Motion is supported by the following Memorandum of Points and Authorities, any Reply filed in support of this Motion, the pleadings and papers on file herein, oral argument and any other papers and pleadings offered at any hearing on Defendants' Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

Plaintiff McCall's Country Canning, Inc. ("McCall's") brings this action against Defendants for, *inter alia,* trademark and trade dress infringement. Although McCall's asserts multiple claims under federal, state and common law, McCall's Complaint includes little – if any – factual content to support McCall's allegations. For example, McCall's alleges that all of the Defendants are selling candles that infringe McCall's trademarks and trade dress – yet McCall's makes no effort to identify, or describe, *any* of the allegedly infringing candles manufactured and/or sold by Defendants. McCall's asserts various claims of false advertising, but McCall's does not identify any purportedly false statement by any Defendant. McCall's alleges "dilution," but McCall's fails to plead any factual or legal basis for this claim whatsoever. Accordingly, McCall's Complaint does not contain sufficient factual allegations to state a claim for relief that is "plausible on its face" and the Complaint should therefore be dismissed.

////

## II.

## FACTUAL BACKGROUND

Paula Deen Enterprises is a Georgia limited liability company. Paula Deen Retail, Inc., and Paula Deen Online, Inc., are both Georgia corporations. *See,* McCall's Complaint at ¶¶ 3-5. Defendant MVP is a Kentucky corporation. *See,* McCall's Complaint at ¶ 6. Plaintiff McCall's is a California corporation that sells candles "packaged to convey a unique, rustic" appearance (the "McCall's Candles"). *See*, McCall's Complaint at ¶¶ 2, 13. McCall's is the owner of a trademark registration for the McCall's Candles. *See*, McCall's Complaint at ¶ 15 and Exhibit "A," attached to McCall's Complaint. McCall's brings this action against the Paula Deen Companies, MVP Group International, Inc. ("MVP Group"), and Wal-Mart Stores, Inc. ("Wal-Mart") asserting claims under the Lanham Act (Counts I and II) and California state law (Counts III-VI). *See*, McCall's Complaint at ¶¶ 6-7, 21-46.

In support of its claims, McCall's alleges "on information and belief" that all of the Defendants are "in the business of selling candles," including candles that "use McCall's rustic appearance, elements of which are described" in McCall's trademark registration. *See,* McCall's Complaint at ¶ 17. McCall's further alleges, "on information and belief," that all of the Defendants began selling these candles after McCall's Candles became known for their rustic look. *See,* McCall's Complaint at ¶ 17. The registered trademark attached as Exhibit "A" to McCall's Complaint is devoid of any language that McCall's has protected trademark rights surrounding the rustic look of their candles. *See*, McCall's Complaint at ¶ 15 and Exhibit "A," attached to McCall's Complaint.

## III.

## ARGUMENT

### 1. STANDARD FOR MOTION TO DISMISS.

Under Fed. R. Civ. Proc. 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. A pleading that offers

merely "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-1952 (2009). As the Supreme Court recently explained in *Iqbal*, to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* This standard requires more than "a sheer possibility that the defendant has acted unlawfully." *Id.*

The Supreme Court instructs that when considering a motion to dismiss, a district court should apply a two-pronged approach. First, the court should identify allegations that are no more than conclusions. *Id.* at 1949. Such allegations are not entitled to the assumption of truth. *Id.* Second, the court should consider any well-pleaded allegations, assume their veracity, and determine whether they plausibly give rise to an entitlement to relief. *Id.* If the well-pleaded facts do not permit the court to infer more than "the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief and should be dismissed. *Id.*

## 2. MCCALL'S HAS NOT STATED ANY PROPER CLAIMS FOR RELIEF UNDER THE LANHAM ACT, CALIFORNIA OR COMMON LAW.

### A. McCall's Has Not Stated a Claim for Trademark Infringement or Trademark Dilution (First Claim for Relief).

#### *1. McCall's Has Not Stated a Claim for Trademark Infringement Because It Has Not Alleged a Likelihood of Confusion.*

To state a claim for trademark infringement under the Lanham Act, 15 U.S.C. Section 1114, McCall's must plead facts sufficient for the Court to reasonably infer that: 1) McCall's has a valid, protectable trademark, and 2) that the Defendants' use of the trademark is likely to cause confusion. *Applied Information Sciences Corp. v. eBAY, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). McCall's has not met its pleading burden with respect

to this claim.

McCall's alleges that the Defendants infringed its trademark for the McCall's Candles by selling candles with "similar" trade dress. *See,* Plaintiff's Complaint at ¶¶ 17; 22. The only non-conclusory allegations regarding Defendants alleged use of McCall's trade dress, however, are found at paragraph seventeen (17). There, McCall's alleges:"on information and belief," that 1) all Defendants are "in the business of selling candles;" and 2) that some of the candles allegedly sold by the Defendants "use McCall's rustic appearance, elements of which are described" in McCall's trademark registration. Yet, McCall's trademark registration says nothing at all of any *rustic* appearance. *See,* Plaintiff's Complaint, Exhibit "A." Moreover, these allegations do not support a plausible claim for relief that the candles purportedly sold by the Defendants "create a likelihood of confusion" with the McCall's Candles.

As explained in *Iqbal*, a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. There is no such factual content in the McCall's Complaint. Instead, McCall's merely alleges, *on information and belief*, that all of the Defendants sell candles, and that some of these candles have unspecified similarities to the McCall's Candles. McCall's does not allege which candles purportedly sold by the Defendants are "similar" to the McCall's Candles, nor does McCall's describe the purported similarities between the McCall's Candles and the Defendants' unidentified, purportedly infringing candles. McCall's allegations of infringement are nothing more than "naked assertion[s] devoid of further factual content." *Id.*

Because McCall's allegations - at most - permit the Court to infer only the "mere possibility" that candles sold by the Defendants create a likelihood of confusion, McCall's has not shown that it is entitled to relief on its trademark infringement claim, and the claim against the Defendants should be dismissed. *See Interscope Records v. Rodriguez*,

Civ. No. 06cv2485-B, 2007 WL 2408484, at *1 (S.D. Cal. Aug. 14, 2007) (not reported) (Complaint did not state a claim for copyright infringement because "other than the bare conclusory statement that on 'information and belief' [d]efendant has downloaded, distributed and/or made available for distribution to the public copyrighted works, [p]laintiffs have presented no facts that would indicate that this allegation is anything more than speculation").

2. *McCall's Has Not Stated a Claim for Trademark Dilution Because It Has Not Alleged That The McCall's Mark is "Famous" or that Defendants Are Using an "Identical Mark."*

To state a claim for trademark **dilution** under the Lanham Act, 15 U.S.C. Section 1125, McCall's must plead sufficient facts for the court to infer that: 1) the McCall's trademark is **famous and distinctive**; 2) the Defendants are making use of the trademark in commerce; 3) the Defendants' use began *after* the trade mark became famous; and 4) Defendants' use of the trademark is likely to cause dilution by blurring or by tarnishment. *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008) (citing 15 U.S.C. § 1125(c)(1)). For McCall's to establish that its trademark is being unlawfully used in commerce by Defendants, "the mark used by [MVP and the Paula Deen Companies] must be identical, or nearly identical, to [McCall's] mark." *Id.* They are not "identical." They are not even similar. More importantly, they are not plead in the Complaint as identical.

McCall's can not sustain a claim for trademark dilution against Defendants without first alleging that its mark is "famous." McCall's does not so allege anywhere in its Complaint that its mark(s) are "famous." *See,* Plaintiff's Complaint at ¶¶ 13-33. In addition, McCall's has not alleged that Defendants are using a mark that is identical, or nearly identical, to the McCall's mark. This alone renders McCall's Complaint fatally deficient on any dilution claim. *Jada Toys, Inc.*, 518 F.3d at 634. Nor can the Court reasonably infer, from the skeletal allegations in the Complaint, that the unidentified candles purportedly being sold by Defendants are identical, or nearly identical, to the

McCall's Candles. Thus, McCall's has not stated a proper claim against these Defendants for trademark **dilution**.

Even if McCall's were to allege – somehow – in their Complaint that their mark(s) are "famous," such an allegation is fatuous. In order to be "famous," a mark must be "widely recognized by the general consuming pubic of the United States" as a designation indicating a single source of goods or services. Lanham Act § 43(C)(2), 15 U.S.C.A. § 1125(C)(2). This is a difficult and demanding requirement.[1] *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 873-74 (9th Cir.1999); *Corsair Memory, Inc. v. Corsair7.com*, 2008 WL 4820789, *3 (N.D.Cal.,2008). Quoting *Avery Dennison,* the *Corsair Memory* Court stated that:

> Under 15 U.S.C. § 1125(c)(1), a mark holder may obtain injunctive relief to combat dilution by "blurring" or "tarnishment" even in the absence of any actual or likely confusion or competition, or actual economic injury, **but only for a "famous mark.**"

*Corsair Memory, Inc.*, 2008 WL 4820789 at *4 (emphasis added).

Dilution is a cause of action "**invented and reserved**" for a select class of marks, "those marks with such powerful consumer associations that even non-competing uses can impinge on their value ." *Id.* (emphasis added). Dilution may not be raised for marks which merely have an inherent or acquired "distinctiveness." *Id.*

As McCall's (alleged) trademarks can never be considered "famous," McCall's claims of "dilution" under the Lanham Act must fail.

It is anticipated that McCall's may argue that its mark is famous in a "niche market," as dilution claims were previously allowed in such cases. However, Congress expressly amended § 1125(c)(2) in 2006 to **deny** dilution protection to marks which were only "famous" in "niche markets." H.R.Rep. No. 109-23, at 9 (2005), reprinted in 2006

---

[1] *See, generally* Testimony of Anne Gundlefinger, President, International Trademark Association, before House subcommittee on Courts, the internet and Intellectual Property, Committee on the Judiciary, February 17, 2005, (109th Cong., 1st Sess), 2005 WL 408425. McCarthy on Trademarks § 24:104.

U.S.C.C.A.N. 1091, 1097-98.[2] Only "famous" marks, such as "Tiffany & Co.,"[3] are the types of marks which may seek dilution protection. *See*, *e.g.*, McCarthy on Trademarks § 24:104. Accordingly, since McCall's is not a "famous" mark, McCall's dilution claim should be dismissed forthwith.

3. *McCall's First Claim for Relief Under the Lanham Act Does not Provide For Recovery of Punitive Damages*

McCall's first claim for relief for, *inter alia*, trademark infringement is proffered "under the Lanham Act," 15 U.S.C. § 1117. *See*, McCall's Complaint at p. 5, line 13. McCall's Complaint then requests "punitive damages" in the first claim. *See*, Complaint at p. 6, lines 11-12. Punitive damages, however, **are not** recoverable under the Lanham Act. *Electronics Corp. of America v. Honeywell, Inc.*, 358 F.Supp. 1230, 1234-1235 (1973).

In *Honeywell,* the court notes that Congress, in enacting § 1117, "meticulously detailed the remedies" available in trademark cases. Continuing, the *Honeywell* Court, quoting the U.S. Supreme Court, stated:

> When a cause of action has been created by a statute which expressly provides the remedies for vindication of the cause, other remedies should <u>not</u> readily be implied.

*Honeywell,* 358 F. Supp at 1235 (emphasis added), citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 720 (1967); *See, also,* Restatement Third, Unfair Competition § 36, comment "n" (1995) ("Punitive damages are not available in actions under the Lanham Act."); McCarthy on Trademarks § 30:97. Since McCall's has requested damages which are unavailable under the Lanham Act, McCall's first claim for relief must be dismissed as to the punitive damages claim.

4. *McCall's Has Not Stated a Claim for Contributory or Vicarious Trademark Infringement.*

---

[2] *See, Corsair Memory, Inc.*, 2008 WL 4820789 at *4.

[3] *See, Ty Inc. v. Perryman*, 306 F.3d 509, 511 (7th Cir., 2002).

Although unclear, it seems that McCall's is attempting to assert claims for contributory or vicarious trademark infringement. *See*, Plaintiff's Complaint at ¶ 25. If so, McCall's complaint for contributory, or vicarious trademark infringement, fails because McCall's has failed to allege primary infringement. Assuming, *arguendo,* that McCall's has alleged a primary infringement against one of the other Defendants, McCall's has not stated a claim for contributory or vicarious infringement against MVP or the Paula Deen Companies.

To state a claim for contributory trademark infringement, McCall's must plead sufficient facts for the Court to infer that the Paula Deen Companies: 1) intentionally induced the primary infringer to infringe; or 2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied. *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, 494 F.3d 788, 806 (9th Cir. 2007).

The only allegations in the Complaint relevant to McCall's claim for contributory infringement are found at ¶ 23. The allegations, however, are nothing more than a formulaic recitation of the elements of a cause of action for trade dress infringement. *See* McCall's Complaint at ¶ 23("Defendants either intentionally induced, caused, or materially contributed to others infringing McCall's [t]rade [d]ress or continued to produce or distribute a product knowing or having reason to know the product infringed McCall's [t]rade [d]ress."). Thus, McCall's has not stated a claim against MVP or the Paula Deen Companies for contributory trademark infringement, and the claim should be dismissed.

To state a proper claim for *vicarious* liability for trademark infringement, McCall's must plead sufficient facts that infer that Defendants and an infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties, or exercise joint ownership or control over the infringing product. *Perfect 10, Inc.*, 494 F.3d at 807. Again, there are no facts alleged in McCall's Complaint relevant to this pleading requirement. Thus, McCall's has not stated a claim against MVP or the Paula Deen

Companies for vicarious trademark infringement. This claim should be dismissed.

**B. McCall's Has Not Stated a Claim for Unfair Competition, False Designation of Origin, and False Advertising Under the Lanham Act (Second Claim for Relief).**

1. *McCall's Has Not Stated a Claim for Unfair Competition or False Designation of Origin Because It has Not Alleged a Likelihood of Confusion.*

The essential elements of claims for unfair competition and false designation under the Lanham Act, 15 U.S.C. Section 1125, are the same as those for trademark infringement under the Lanham Act, 15 U.S.C. Section 1114. *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1288 n. 2 (9th Cir.1992); *M2 Software, Inc., v. Madacy Entertainment*, 421 F.3d 1073, 1080, n.5 (9th Cir. 2005). Both claims hinge on a showing of a "likelihood of confusion" between the McCall's and Defendants' marks. Thus, McCall's claims for unfair competition and false designation of origin under the Lanham Act should be dismissed for the same reasons that McCall's trademark infringement claim should be dismissed. *See,* Argument Section A, *supra.*

2. *McCall's Has Not Stated a Claim for False Advertising Because It Has Not Alleged a False Statement.*

To state a claim for false advertising under the Lanham Act, 15 U.S.C. Section 1125, McCall's must plead sufficient facts for the court to infer: 1) a false statement of fact was made by Defendants in a commercial advertisement about its own product or about McCall's product; 2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; 3) the deception is material, in that it is likely to influence the purchasing decision; 4) the Defendants caused the false statement to enter interstate commerce; and 5) McCall's has been, or is likely to be, injured as a result of the false statement, either by direct diversion of sales from itself to Defendants or by a lessening of the goodwill associated with its products. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

McCall's has not stated a proper claim for false advertising because it has not

alleged that any Defendant made a single false statement in an advertisement or otherwise. In the absence of such an allegation, the Court cannot reasonably infer that the Defendants are liable for false advertising under the Lanham Act.

### C. McCall's Has Not Stated a Claim For Statutory Trademark Infringement and Dilution (Third Claim for Relief).

#### 1. *McCall's Has Not Alleged Standing to Sue for Statutory Trademark Infringement And Has Not Stated a Claim.*

McCall's cannot assert a claim for statutory trademark infringement under the California Business and Professions Code, Section 14200, et seq., because McCall's has not alleged that it is the owner of a trademark registered with the California Secretary of State. Cal. Bus. & Prof. Code § 14245 (West 2009)("A person who does any of the following shall be subject to a civil action by the owner of the registered mark...."); 59 Cal. Jur. 3d Trademarks and Tradenames § 28 (noting that "the owner of a mark registered under the [California] Trademark Law" may bring a civil action for infringement).

Assuming, *arguendo,* that McCall's trademark is registered with the California Secretary of State, however, McCall's still has not stated a claim for trademark infringement under Section 14200, *et seq*. To state a claim for trademark infringement under Section 14200, *et seq.*, McCall's must plead sufficient facts for the court to infer a likelihood of confusion. *M2 Software, Inc. v. Madacy Entertainment*, 421 F.3d 1073, 1080 (9th Cir. 2005). As explained in Section 2A, *supra*, McCall's has not pleaded sufficient facts for the Court to make such an inference.

#### 2. *McCall's Has Not Stated a Claim for State Law Trademark Dilution Because It Has Not Alleged That The McCall's Mark is "Famous" or that Defendants Are Using an Identical Mark.*

The analysis of a dilution claim is the same under both federal and California state law. *See*, *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir.1998). McCall's

state law "dilution" claim fails here for the exact same reason it fails under the Lanham Act. The McCall's mark is not famous.

Also, McCall's fails to plead any facts that the two conflicting marks at issue in this case are "identical." This too is a fatal flaw compelling dismissal of McCall's Third Claim for Relief for Trademark Infringement and Dilution under the California Business and Professions Code. The elements of a claim for trademark dilution under the California Business and Professions Code (§14200, *et seq.)*, are the same as those for trademark dilution under the Lanham Act. *Jada Toys, Inc.*, 518 F.3d at 634.

**D. McCall's Has Not Stated a Claim for Unfair Competition Because It Has Not Alleged an Unlawful, Unfair, or Fraudulent Business Act (Fourth Claim for Relief).**

To state a claim for unfair competition under the California Business and Professions Code, Section 17200, et seq., McCall's must plead sufficient facts for the court to infer that Defendants engaged in an "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 (West 2009). In support of its claim under Section 17200, *et seq.*, McCall's asserts that "Defendants' unauthorized use of McCall's [t]rade [d]ress was an unlawful, unfair, and fraudulent business act and practice." *See*, McCall's Complaint at ¶ 41. As explained in Section 2A, *supra*, however, McCall's has not alleged sufficient facts for the Court to infer that Defendants used McCall's trade dress.

"Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *see also,* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356. Because McCall's has not sufficiently alleged any unlawful, unfair, or fraudulent business practice, the Court should dismiss McCall's claim for unfair competition under Section 17200, *et seq.*

**E. McCall's Has Not Stated a Claim For Deceptive Trade Practices Because It Has Not Alleged Any Deceptive or Misleading Statements or Advertising (Fifth Claim for Relief).**

To state a claim for deceptive trade practices against Defendants under the California Business and Professions Code, Section 17500, *et seq.*, McCall's must plead sufficient facts for the court to infer that the Defendants engaged in "unfair, deceptive, untrue, or misleading advertising." *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing Cal. Bus. and Prof. Code § 17500).

As discussed above in Section 2B, *supra*, McCall's has not identified any deceptive or misleading statements or advertising by Defendants. In the absence of such an allegation, the Court cannot reasonably infer that Defendants are liable under Section 17500, et seq. Thus, the claim should be dismissed.

**F. McCall's Has Not Stated a Claim for Common Law Trademark Infringement and Unfair Competition Because It Has Not Alleged a Likelihood of Confusion (Sixth Claim for Relief).**

The essential element of a claim for common law trademark infringement and unfair competition under California law is the same as that for a claim for trademark infringement under the Lanham Act: *likelihood of confusion. M2 Software,*421 F.3d at 1080. Thus, McCall's claim for common law trademark infringement and unfair competition should be dismissed for the same reasons as McCall's claims for trademark infringement under the Lanham Act.

////

////

////

////

////

////

////

## IV.

## CONCLUSION

For the reasons stated above, McCall's Complaint should be dismissed in its entirety because the Complaint does not contain sufficient factual allegations to support any claim for relief.

Dated: June 24, 2009

MORRIS, SULLIVAN & LEMKUL, LLP

By: s/Will Lemkul

WILL LEMKUL (SBN 219061)
Lemkul@morrissullivanlaw.com
Attorney for DEFENDANTS MVP GROUP INTERNATIONAL, INC.; PAULA DEEN ENTERPRISES, LLC.; PAULA DEEN RETAIL, INC.; PAULA DEEN ONLINE, INC.