**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

McCALL'S COUNTRY CANNING, INC., a California corporation,

Plaintiff,

vs.

PAULA DEEN ENTERPRISES, LLC, a Georgia Limited Liability Company; PAULA DEEN RETAIL, INC., a Georgia Corporation; PAULA DEEN ONLINE, INC., a Georgia Corporation; MVP GROUP INTERNATIONAL, INC., a Kentucky Corporation; WAL-MART STORES, INC., a Delaware Corporation; and DOES 1-10, inclusive,

Defendants.

CASE NO. 09cv0952-LAB (BLM)

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

## I. Introduction

Plaintiff McCall's Country Canning is in the business of selling candles "packaged to convey a unique, rustic appearance." (Compl. ¶ 13.) Its candles come in a glass jar with a decorative metal lid, projecting handle, and band circling the neck of the jar. *Id.* McCall's has trademarked this design.

Paula Deen, the well-known television chef and cookbook author, has become a brand, and through various retail outlets she sells candles with her name and likeness on them. McCall's alleges that Paula Deen's candles infringe upon its trademark. Specifically,

they come in "similarly designed containers" and "use McCall's unique rustic appearance." (Compl. ¶ 17.)

McCall's accuses Paula Deen of: (1) trademark infringement and dilution under the Lanham Act; (2) unfair competition under the Lanham Act; (3) trademark infringement and dilution under the California Business and Professions Code; (4) unfair competition under the California Business and Professions Code; (5) deceptive trade practices under the California Business and Professions Code; and (6) trademark infringement and unfair competition under California Common Law.

Now pending before the Court is Paula Deen's motion to dismiss McCall's complaint, for failure to state a claim.

**II. Legal Standard**

A rule 12(b)(6) motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In considering such a motion, the Court accepts all allegations of material fact as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). A complaint's factual allegations needn't be detailed, but they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[S]ome threshold of plausibility must be crossed at the outset" before a case can go forward. *Id.* at 558 (internal quotations omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

While a court must draw all reasonable inferences in the plaintiff's favor, it need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations omitted). In fact, no legal conclusions need to be accepted as

true. *Ashcroft*, 129 S.Ct. at 1949. A complaint doesn't suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* That includes a mere formulaic recitation of the elements of a cause of action; this will not do either. *Bell Atlantic Corp.*, 550 U.S. at 555. The general point of these pleading requirements is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

## III. Discussion

### A. First Claim for Relief - Trademark Infringement and Dilution

The first claim for relief is in fact comprised of three distinct claims: trademark infringement, dilution, and contributory and vicarious trademark infringement. The easiest way to go about the analysis is to consider the claims in sequence.

#### 1. Trademark Infringement under the Lanham Act

The Lanham Act imposes liability upon any party that (1) uses an infringing mark in interstate commerce, (2) in connection with the sale or advertising of goods and services, and (3) such use is likely to cause confusion or mislead consumers. 15 U.S.C. § 1114(1)(a). To state a claim for trademark infringement under the Act, McCall's must allege that it has a valid, protectable trademark and that Paul Deen's use of the trademark is likely to cause confusion among consumers. *Applied Info. Sci.'s Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007); *see also Aristocrat Tech.'s, Inc. v. High Impact Design & Entertainment*, 642 F.Supp.2d 1228, 1235 (D. Nev. 2009). Paula Deen doesn't dispute that McCall's has a valid trademark. The company does, however, dispute that McCall's has alleged a likelihood of confusion with the amount of factual specificity required by *Ashcroft v. Iqbal*.

McCall's, in its opposition, points to three paragraphs in its complaint in which it alleges that consumers are likely to mistake Paula Deen candles for McCall's candles:

> Defendants' products include candles which are confusingly similar to McCall's Trade Dress. Defendants' candles use McCall's unique rustic appearance, elements of which are described in McCall's Registered Trademark. Defendants' [sic] began selling these candles with similarly designed containers after McCall's Trade Dress became well known in the candle industry for its unique, identifiable rustic look. (Compl. ¶ 17.)

> Defendants' unauthorized use of McCall's Registered Trademark as described herein is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendants with McCall's. (Compl. ¶ 23.)
>
> Defendants unauthorized use of McCall's Trade Dress misleads consumers into believing that they are purchasing products authorized by McCall's, when they are not. If consumers were aware that Defendants' products were not in fact authorized by McCall's, the consumers would not have likely purchased Defendants' products. McCall's is harmed by this unauthorized diversion of sales, as there is a likelihood of confusion. (Compl. ¶ 35.)

Paula Deen argues that there's insufficient factual content here, and that McCall's has instead merely recited in a conclusory manner the "likelihood of confusion" element of a trademark infringement claim under the Lanham Act.

The Court agrees. To be clear, the problem isn't with the excerpted paragraphs per se. There's nothing wrong with McCall's devoting a paragraph or two in its complaint to the general conclusion that Paula Deen's candles are likely to be confused with its own. Plenty of complaints alleging trademark infringement incorporate paragraphs to this effect. *See, e.g., Shakey's USA, Inc. v. Tutto's Pizza Corp.*, No. 09-CV-93, 2009 WL 3211027 at *3 (E.D. Cal. Sept. 30, 2009) (*see* Compl. ¶ 43); *Facebook, Inc. v. Power Ventures, Inc.*, No. C 08-5780, 2009 WL 1299698 at *5 (N.D. Cal. May 11, 2009) (*see* Compl. ¶¶ 73, 76, 78). The difference is that these other complaints also *plead facts* from which the alleged likelihood of confusion reasonably follows. The mere allegation, unaccompanied by factual support, that consumers are likely to mistake a defendant's goods for plaintiff's goods is insufficient to survive a motion to dismiss. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 611 (6th Cir. 2009) (applying *Ashcroft v. Iqbal* pleading standards to a trademark infringement claim).

McCall's sells candles with a "rustic" appearance. Their distinctive features are a decorative metal lid, handle, and band circling the neck of the jar. (Compl. ¶ 13.) All the McCall's complaint says about Paula Deen's candles is that they, too, have a "rustic" appearance. McCall's doesn't specify *which* candles have a rustic appearance, or what exact features, beyond their rusticity (which is not an element of the McCall's trademark), render Paula Deen's candles "confusingly similar" or "identical" to its own. All of this

amounts to a *possible* case against Paula Deen but certainly not a *facially plausible* one, as is required. *Ashcroft v. Iqbal*, 129 S.Ct. at 1949. There is simply not enough here to give rise to a reasonable inference that Paula Deen is liable for trademark infringement. *Id.* That claim is therefore dismissed.

**2. Dilution under the Lanham Act**

For McCall's to prove dilution, it has to show that Paula Deen's candles are identical, or nearly identical, to its own. *Thane Int'l, Inc. v. Trek Bicycle Corp.*, 305 F.3d 894, 905 (9th Cir. 2002). It must also show that "(1) its mark is famous; (2) the defendant is making commercial use of the mark in commerce; (3) the defendant's use began after the plaintiff's mark became famous; and (4) the defendant's use presents a likelihood of dilution of the distinctive value of the mark." *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 874 (9th Cir. 1999).

The Court has already determined that McCall's has failed to plead enough facts to support the inference that Paula Deen's candles are identical to its own. It is inadequate to simply assert that they are. (*See* Compl. ¶¶ 19-20(A).) This is the first problem.

The second problem relates to the requirement that a trademark be "famous" in order to be, as it were, dilutable. The word "famous" does not appear in the complaint filed by McCall's, although McCall's does allege that its "Trade Dress has acquired a favorable and well-known reputation with consumers and is an identifier and symbol of McCall's and its products, services, and goodwill." (Compl. ¶ 18.) This is inadequate.

The Trademark Dilution Revision Act of 2006 revised the Federal Trademark Dilution Act to deny protection to marks that are famous only in niche markets. *Planet Coffee Roasters, Inc. v. Dam*, No. 09-571, 2009 WL 2486457 at *3 (C.D. Cal. Aug. 12, 2009). Under the law as it now stands, "a mark is famous if it is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). Dilution is a cause of action "invented and reserved for a select class of marks – those marks with such powerful consumer associations that even non-competing uses can impinge on their value." *Avery Dennison*

*Corp.*, 189 F.3d at 875. To qualify as "famous," then, "a mark [must] be truly prominent and renowned." *Id.* (internal citation omitted). The Ninth Circuit has explained that "for purposes of § 1125(c), a mark usually will achieve broad-based fame only if a large portion of the general consuming public recognizes that mark. Put another way, as a district court recently did, the mark must be a household name." *Thane Int'l*, 305 F.3d at 911. This is all to say that it is not nearly enough for McCall's to allege that its trademark "has acquired a favorable and well-known reputation with consumers." (Compl. ¶ 18.) On this allegation alone, its trademark isn't "famous" in the relevant sense of the word, and its claim for dilution must be dismissed.

**3. Contributory and Vicarious Trademark Infringement**

McCall's appears to accuse Paula Deen of contributory and vicarious trademark infringement, on top of regular trademark infringement, though it takes a careful reading of the complaint to see this. (*See* Compl. ¶ 25.) "To be liable for contributory trademark infringement, a defendant must have (1) 'intentionally induced' the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the particular product supplied." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007). McCall's takes the position that it has alleged contributory and vicarious trademark infringement because its complaint "generally alleges that *all Defendants* participated in all acts of infringement of the McCall's Trade Dress." (Opp'n Br., 4.) In other words, if the Court understands McCall's argument, contributory and vicarious trademark infringement are lesser included offenses, in a way, of first-degree trademark infringement, and if McCall's has alleged *that*, that's good enough.

Again, the Court disagrees. Contributory and vicarious trademark infringement are discrete offenses, logically distinct from the basic trademark infringement claim that is at the heart of this action. As the Ninth Circuit made clear in *Perfect 10*, a claim for contributory and vicarious trademark infringement must be pled in a specific manner. The Court declines the invitation of McCall's to "infer that each and all of the Defendants are contributorily and vicariously liable for all the acts described [in the complaint]." (Opp'n Br., 4.) Paula Deen

points out that McCall's does allege (on information and belief) that "Defendants either intentionally induced, caused, or materially contributed to others infringing McCall's Trade Dress or continued to produce or distribute a product knowing or having reason to know the product infringed McCall's Trade Dress." (Compl. ¶ 23.) This allegation suffers the same affliction as the first claim for trademark infringement: It is essentially a recitation of the elements of a plausible claim, devoid of factual support and elaboration. *See Ashcroft*, 129 S.Ct. at 1949.

McCall's has made no effort to actually plead facts giving rise to a claim for contributory and vicarious trademark infringement. This claim is dismissed.

**B. Second Claim for Relief - Unfair Competition, False Designation of Origin, and False Advertising**

McCall's, in its second claim for relief, alleges unfair competition, false designation of origin, and false advertising in violation of the Lanham Act. (Compl. ¶ 37.) As Paula Deen astutely observes, unfair competition and false designation claims under the Lanham Act are, for pleading purposes, very similar to trademark infringement claims under the Lanham Act: there must be a "likelihood of confusion." *See M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1080 n.5 (9th Cir. 2005). The Court has already determined that McCall's insufficiently pled this element, so two-thirds of this second claim for relief can be dismissed up front.

The elements of a Lanham Act false advertising claim are:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).

A false advertising claim doesn't even get off the ground unless some *false statement in an advertisement* is alleged. McCall's alleges in its complaint that "Defendants' use of McCall's Trade Dress in commercial advertising is deceptive, misleading, a false designation, or has

a tendency to deceive a substantial portion of the intended audience, and is material in that it is likely to influence purchasing decisions, given the fact that advertising travels in interstate commerce." (Compl. ¶ 36.) This kind of "naked" allegation, without supporting facts, will not suffice to survive a motion to dismiss. *Ashcroft*, 129 S.Ct. at 1949. At best, this allegation suggests that Paula Deen has advertised its candles, and nothing more. Because it doesn't refer to a particular advertisement or a particular false statement, however, McCall's claim for false advertising is dismissed.

### C. Third Claim for Relief - Trademark Infringement and Dilution under California Law

Starting with this claim, McCall's alleges violations under California's Business and Professions Code that mirror, to some extent, the violations it alleges under the Lanham Act. McCall's claim for trademark infringement under California law fails for the same reason its claim under the Lanham Act fails: It must plead facts sufficient to support the inference that the consuming public is likely to mistake Paula Deen's candles for McCall's candles. *See M2 Software, Inc.*, 421 F.3d at 1080 ("The test of trademark infringement under state, federal, and common law is whether there will be a likelihood of confusion.") McCall's fails to plead those facts, as the Court has already explained in section III(A)(1), *supra*.

The claim for trademark dilution under California law fares no better. *Jada Toys, Inc. v. Mattel, Inc.*, 518 F.3d 628, 634 (9th Cir. 2008) (dilution analysis is the same under federal and California law). The Court has rejected the Lanham Act dilution claim, section III(A)(2), *supra*, and it therefore rejects the dilution claim arising under the California Business and Professions Code. The third claim for relief is dismissed.

### D. Fourth Claim for Relief - Unfair Competition under California Law

To state a claim for unfair competition pursuant to the California Business and Professions Code, a plaintiff must allege that a defendant engaged in an "unlawful, unfair, or fraudulent business act or practice" or in "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. To be precise, a plaintiff must do more than just *allege* this. He or she must plead facts that render the allegation more than mere speculation. *Bell Atlantic Corp.*, 550 U.S. at 555.

The Court is inclined to extend to this claim its general finding that, throughout its complaint, McCall's pleads insufficient facts and rests instead on formal recitations of the elements of the claims it alleges. This is, at heart, a trademark action, and McCall's strains to sculpt its trademark claims into an unfair competition claim. Trademark infringement and unfair competition are distinct offenses, and it is unrealistic to assume that by pleading – or attempting to plead – the former, a party has succeeded in pleading the latter.

In its reply brief, Paula Deen asserts that an unfair competition claim "must threaten violation of antitrust law," citing *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 186-87 (1999). (Reply Br., 7.) The Court rejects Paula Deen's reading of this case. It is true that it holds "the word 'unfair' in [section 17200] to mean conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Id.* But § 17200 targets "unlawful, unfair, or fraudulent" business acts, as well as "unfair, deceptive, untrue or misleading advertising," and the court in *Cel-Tech* clarifies that it is only "unfair" business acts that must threaten antitrust law and policy. *Id.* at 187 n.12. Because McCall's merely recites the statutory elements of a § 17200 violation, however, without clarifying what exactly it is alleging under § 17200, the Court is not in a position to say that McCall's must allege some kind of antitrust violation.

In any event, this claim, like the other claims before it, fails as pled. It is therefore dismissed.

**E. Fifth Claim for Relief - Deceptive Trade Practices under California Business and Professions Code**

A deceptive trade practices claim under the Business and Professions Code is, essentially, or at least in this case, a false advertising claim. McCall's concedes as much by defending its second and fifth claims together in its opposition brief. (Opp'n Br., 5.) The Court has, of course, already determined that McCall's failed to plead a false advertising claim under the Lanham Act: It hasn't proffered any false statement on the part of Paula Deen. Section 17500 of the California Business and Professions Code, the statutory

provision under which this fifth claim of relief is pled, likewise requires that a plaintiff allege some untrue or misleading statement. *See* Cal. Bus. & Prof. Code § 17500. The complaint comes up short in this regard, and this claim is dismissed.

### F. Sixth Claim for Relief - Trademark Infringement and Unfair Competition under California Common Law

This claim fails for the same reason that the Court has determined other, similar claims fail. McCall's must plead a likelihood of confusion, and it has not done so to the Court's satisfaction. *See M2 Software, Inc.*, 421 F.3d at 1080.

## IV. Conclusion

As a general rule, the Court (and defendants) very much appreciate short, succinct complaints – complaints, that is, that don't have to be culled through and read multiple times to make sense of a plaintiff's claims. At first glance, the complaint filed by McCall's is one of those complaints. It doesn't say more than it needs to, it doesn't ramble, and it's obvious what claims McCall's is alleging. Unfortunately, it also doesn't say enough. Under the pleading standards McCall's must observe, McCall's has simply failed to allege sufficient facts giving rise to each of its claims, and all too often it relies, mistakenly, on a formal and formulaic recitation of a claim's elements to state the claim. That is the bad news.

The good news is that there is no evidence that McCall's *cannot* plead the facts it needs to in order to give rise to a reasonable inference that its claims are plausible. Even better, Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962) (implying leave to amend should be granted in the absence of undue delay, bad faith or dilatory motive, or undue prejudice to the opposing party or futility of amendment). In this spirit, the Court will give McCall's the opportunity to amend its complaint to cure the deficiencies Paula Deen has highlighted and that the Court

//

//

//

has affirmed. McCall's is instructed to consult closely the relevant pleading standards that the Court has articulated and relied on in this order. The first amended complaint must be filed within 21 calendar days of the date this order is entered.

**IT IS SO ORDERED**.

DATED: February 4, 2010

HONORABLE LARRY ALAN BURNS
United States District Judge