1  WILL LEMKUL
   California Bar No. 219061
2  KATHERINE JACKSON
   California Bar No. 261673
3  MORRIS, SULLIVAN & LEMKUL, LLP
   9915 Mira Mesa Blvd., Suite 300
4  San Diego, CA 92131
   Telephone: (858) 566-7600
5  Telecopier: (858) 566-6602

6  Attorneys for PAULA DEEN ENTERPRISES, LLC; PAULA DEEN RETAIL, INC.; PAULA
   DEEN ONLINE, INC.; and MVP GROUP INTERNATIONAL, INC.
7

8
                    UNITED STATES DISTRICT COURT
9
                   SOUTHERN DISTRICT OF CALIFORNIA
10

11 | MCCALL'S COUNTRY CANNING, INC., ) Case No.: 09 CV 0952 LAB BLM
     a California Corporation,         )
12 |                                    )
          Plaintiff,                    ) **ANSWER TO PLAINTIFF'S FIRST**
13 |                                    ) **AMENDED COMPLAINT AND**
     v.                                 ) **AFFIRMATIVE DEFENSES AND**
14 |                                    ) **COUNTERCLAIM AGAINST**
     PAULA DEEN ENTERPRISES, LLC, a    ) **McCALL'S COUNTRY CANNING,**
15 | Georgia Limited Liability Company; PAULA ) **INC. FOR DECLARATORY RELIEF**
     DEEN RETAIL, INC., Georgia Corporation; )
16 | PAULA DEEN ONLINE, INC., a Georgia )
     Corporation; MVP GROUP             ) **JURY TRIAL REQUESTED**
17 | INTERNATIONAL, INC, a Kentucky    )
     Corporation; WAL-MART STORES, INC., ) Judge: Hon. Larry A. Burns
18 | a Delaware Corporation; and DOES 1-10 )
     Inclusive,                         )
19 |                                    )
          Defendants.                   )
20 | _____    )
                                        )
21 | PAULA DEEN ENTERPRISES, LLC, a    )
     Georgia Limited Liability Company; PAULA )
22 | DEEN RETAIL, INC., Georgia Corporation; )
     PAULA DEEN ONLINE, INC., a Georgia )
23 | Corporation; MVP GROUP             )
     INTERNATIONAL, INC, a Kentucky    )
24 | Corporation;                       )
                                        )
25 |     Counterclaimant,                )
     v.                                 )
26 |                                    )
     MCCALL'S COUNTRY CANNING, INC.,   )
27 | a California Corporation,          )
                                        )
28 |     Counter-defendants.            )

NOW APPEARS, PAULA DEEN ENTERPRISES, LLC; PAULA DEEN RETAIL, INC.; PAULA DEEN ONLINE, INC.; and MVP GROUP INTERNATIONAL, INC., (hereinafter collectively "DEFENDANTS"), and hereby Answers Plaintiff McCALL'S COUNTRY CANNING, INC.'s (hereinafter "PLAINTIFF") First Amended Complaint as follows:

## NATURE OF THE ACTION

1. Defendants admit that Plaintiffs purport to state claims related to trademark infringement. Defendants deny the remaining allegations of Paragraph 1 in their entirety.

## THE PARTIES

2. Defendants lack knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2, and therefore deny each and every allegation contained therein.

3. Defendants admit the allegations of paragraph 3.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit the allegations of paragraph 5.

6. Defendants admit the allegations of paragraph 6.

7. Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 7, and therefore deny each and every allegation contained therein.

8. Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 8, and therefore deny each and every allegation contained therein.

9. Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 9, and therefore deny each and every allegation contained therein.

## JURISDICTION AND VENUE

10. Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 10, and therefore deny each and every allegation contained therein.

11.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 11, and therefore deny each and every allegation contained therein.

12.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 12, and therefore deny each and every allegation contained therein.

## FACTS

13.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 13, and therefore deny each and every allegation contained therein.

14.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 14, and therefore deny each and every allegation contained therein.

15.     Defendants admit that Plaintiff received a Trademark from the United States Patent and Trademark Office and that Plaintiff purports to own United States Trademark Registration No. 3,015,048. However, Defendants deny the remaining allegations of paragraph 15, if any.

16.     Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 16, and therefore deny each and every allegation contained therein.

17.     Defendants admit that they are in the business of selling candles; however, as to the remaining allegations contained within paragraph 17 of Plaintiff's First Amended Complaint, Defendants deny that "Defendants' products" are "confusingly similar" to "McCall's Trade Dress." Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of any remaining allegations contained within paragraph 17, and therefore deny each and every allegation contained therein.

18.     Defendant MVP GROUP INTERNATIONAL, INC. ("MVP") admits that it is a manufacturer of candle products, including products that carry the labels of MVP and Paula

1 Deen. MVP further admits that it manufactures a line of candles which carry the label: "Paula Deen," and that certain of these candles are sold at Walmart. Defendants admit that Paula Deen is a celebrity. However, as to the remaining allegations contained within paragraph 18 of Plaintiff's First Amended Complaint, Defendants deny each and every allegation contained therein.

19. Defendants deny that Paula Deen Enterprises, Paula Deen Online, or Paula Deen Retail authorized MVP Group to produce infringing candles. Defendants deny that Paula Deen Enterprises, Paula Deen Online, or Paula Deen Retail authorized MVP Group to sell infringing candles. Defendants deny that they are producing or selling any "infringing candle[s]" at Walmart, or anywhere else. Defendants deny each and every remaining allegation contained within paragraph 19, if any.

20. Defendants deny each and every allegation contained within paragraph 20 of Plaintiff's First Amended Complaint.

21. Defendants deny that "McCall's Trade Dress is inherently distinctive as a trade dress." Defendants deny that "McCall's Trade Dress is strong and [] entitled to broad protection." As to the remaining allegations contained within paragraph 21 of Plaintiff's First Amended Complaint, Defendants lack knowledge and/or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained within paragraph 21, and therefore deny each and every allegation contained therein.

22. Defendants deny each and every allegation contained within paragraph 22 of Plaintiff's First Amended Complaint.

23. Defendants deny each and every allegation contained within paragraph 23 of Plaintiff's First Amended Complaint.

    A. Defendants deny each and every allegation contained within subpart A of paragraph 23 of Plaintiff's First Amended Complaint.

    B. Defendants deny each and every allegation contained within subpart B of paragraph 23 of Plaintiff's First Amended Complaint.

    C. Defendants deny each and every allegation contained within subpart C of

paragraph 23 of Plaintiff's First Amended Complaint.

## DAMAGES

24. Defendants incorporate by reference their responses to each and every allegation contained in Paragraphs 1-23 with the same force and effect as if fully set forth herein.

25. Defendants deny each and every allegation contained within paragraph 25 of Plaintiff's First Amended Complaint.

   A. Defendants deny each and every allegation contained within subpart A of paragraph 25 of Plaintiff's First Amended Complaint.

   B. Defendants deny each and every allegation contained within subpart B of paragraph 25 of Plaintiff's First Amended Complaint.

   C. Defendants deny each and every allegation contained within subpart C of paragraph 25 of Plaintiff's First Amended Complaint.

   D. Defendants deny each and every allegation contained within subpart D of paragraph 25 of Plaintiff's First Amended Complaint.

   E. Defendants deny each and every allegation contained within subpart E of paragraph 25 of Plaintiff's First Amended Complaint.

   F. Defendants deny each and every allegation contained within subpart F of paragraph 25 of Plaintiff's First Amended Complaint.

   G. Defendants deny each and every allegation contained within subpart G of paragraph 25 of Plaintiff's First Amended Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(Trademark Infringement under the Lanham Act)**

26. Defendants incorporate their responses to each and every allegation contained in Paragraphs 1-25 with the same force and effect as if fully set forth herein.

27. Defendants deny each and every allegation contained within paragraph 27 of Plaintiff's First Amended Complaint.

28. Defendants deny each and every allegation contained within paragraph 28 of

Plaintiff's First Amended Complaint.

29. Defendants deny each and every allegation contained within paragraph 29 of Plaintiff's First Amended Complaint.

30. Defendants admit that McCall's has no "control" over "Defendants' products," but as to the remainder of paragraph 30 of Plaintiff's First Amended Complaint, Defendants deny each and every allegation contained therein.

31. Defendants deny each and every allegation contained within paragraph 31 of Plaintiff's First Amended Complaint.

32. Defendants deny each and every allegation contained within paragraph 32 of Plaintiff's First Amended Complaint.

33. Defendants deny each and every allegation contained within paragraph 33 of Plaintiff's First Amended Complaint.

34. Defendants deny each and every allegation contained within paragraph 34 of Plaintiff's First Amended Complaint.

### Second Claim for Relief

### (Unfair Competition under the Lanham Act)

35. Defendants incorporate their responses to each and every allegation contained in Paragraphs 1-35 with the same force and effect as if fully set forth herein.

36. Defendants deny each and every allegation contained within paragraph 36 of Plaintiff's First Amended Complaint.

37. Defendants deny each and every allegation contained within paragraph 37 of Plaintiff's First Amended Complaint.

38. Defendants deny each and every allegation contained within paragraph 38 of Plaintiff's First Amended Complaint.

39. Defendants deny each and every allegation contained within paragraph 39 of Plaintiff's First Amended Complaint.

////

////

### Third Claim for Relief

### (Trademark Infringement - California Business and Professions Code)

40. Defendants incorporate their responses to each and every allegation contained in Paragraphs 1-39 with the same force and effect as if fully set forth herein.

41. Defendants deny each and every allegation contained within paragraph 41 of Plaintiff's First Amended Complaint.

### Fourth Claim for Relief

### (Unfair Competition - California Business and Professions Code)

42. Defendants incorporate their responses to each and every allegation contained in Paragraphs 1-41 with the same force and effect as if fully set forth herein.

43. Defendants deny each and every allegation contained within paragraph 43 of Plaintiff's First Amended Complaint.

44. Defendants deny each and every allegation contained within paragraph 44 of Plaintiff's First Amended Complaint.

### Fifth Claim for Relief

### (Trademark Infringement and Unfair Competition - California Common Law)

45. Defendants incorporate their responses to each and every allegation contained in Paragraphs 1-44 with the same force and effect as if fully set forth herein.

46. Defendants deny each and every allegation contained within paragraph 46 of Plaintiff's First Amended Complaint.

### FURTHER ANSWER AND AFFIRMATIVE DEFENSES

By way of further Answer and as an Affirmative defense, Defendants deny that they are liable to Plaintiff on any of the claims alleged by way of Plaintiff's First Amended Complaint and Defendants' deny that Plaintiff is entitled to damages or any kind whatsoever, treble or punitive damages, equitable relief, attorneys' fees, costs, prejudgment interest or to any relief whatsoever.

////

////

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Failure to State a Claim)

47.   The Complaint, on one or more counts set forth therein, fails to state a claim or facts sufficient to constitute a cause of action upon which relief can be granted.

### Second Affirmative Defense

### (Fair Use)

48.   The claims made in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use.

### Third Affirmative Defense

### (First Sale Doctrine)

49.   The claims made in the First Amended Complaint are barred, in whole or in part, by the first sale doctrine.

### Fourth Affirmative Defense

### (Functionality)

50.   The claims made in the First Amended Complaint are barred, in whole or in part, on the basis that any marks or trade dress and/or use of marks and/or trade dress at issue in this litigation are functional.

### Fifth Affirmative Defense

### (Functionality)

51.   The trade dress that encompasses Plaintiff's claimed Registration No. 3,015,048, as a whole, is functional.

### Sixth Affirmative Defense

### (Functionality)

52.   The trade dress the encompasses Plaintiff's claimed Registration No. 3,015,048 is a product design trade dress that, as such, is not inherently distinctive, and does not have acquired distinctiveness nor has Plaintiff's alleged trade dress acquired secondary meaning.

////

### Seventh Affirmative Defense

### (Functionality)

53. The trade dress that encompasses Registration No. 3,015,048 is product packaging trade dress that is not inherently distinct, and does not have acquired distinctiveness nor has Plaintiff's alleged trade dress acquired secondary meaning.

### Eighth Affirmative Defense

### (Inaccurate Mark)

54. Registration No. 3,015,048 is overly broad as drafted, as it does not accurately depict the mark or trade dress the Plaintiff intended to register.

### Ninth Affirmative Defense

### (Innocent Infringement)

55. The claims made in the First Amended Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

### Tenth Affirmative Defense

### (Statutes of Limitations)

56. The claims made in the First Amended Complaint are barred, in whole or in part, by applicable statutes of limitation as they were not timely made. Plaintiff's failure to bring a timely claim acts as a waiver to any claim stated in the First Amended Complaint.

### Eleventh Affirmative Defense

### (Laches)

57. Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce its rights, if any.

### Twelfth Affirmative Defense

### (Waiver, Acquiescence, and Estoppel)

58. Each of the purported claims set forth in Plaintiff's Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

////

////

### Thirteenth Affirmative Defense

### (Non-Infringement)

59. Defendants have not infringed on any applicable trademarks or trade dress rights of Plaintiff under federal or state law.

### Fourteenth Affirmative Defense

### (No Causation)

60. Plaintiff's claims against Defendants are barred because Plaintiff's damages, if any, were not, *inter alia*, legally or proximately caused by Defendants.

### Fifteenth Affirmative Defense

### (No Damage)

61. Without admitting that Plaintiff's Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the First Amended Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### Sixteenth Affirmative Defense

### (Unclean Hands)

62. Plaintiff's claims are barred by the doctrine of unclean hands.

### Seventeenth Affirmative Defense

### (Lack of Irreparable Harm)

63. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from Defendants' actions.

### Eighteenth Affirmative Defense

### (Mitigation)

64. To the extent that Plaintiff has suffered any damages, which Defendants specifically deny, Plaintiff has failed to mitigate its damages and thus Plaintiff is barred from recovering same.

### Nineteenth Affirmative Defense

### (Secondary Meaning)

65. Plaintiff's alleged jar candle trade dress (or trademark) rights are invalid because

Plaintiff's alleged jar candle trade dress and/or trademark has (have) not attained secondary meaning.

### Twentieth Affirmative Defense

### (Cancellation)

66. Plaintiff can not obtain any relief by way of its First Amended Complaint because Plaintiff's alleged trademark is subject to cancellation by this Honorable Court.

### Twenty-First Affirmative Defense

### (Leave to Amend)

67. Defendants, and each of them, expressly reserve the right to seek leave to amend their Affirmative Defenses and/or to rely upon such other and further Affirmative Defenses as may be disclosed during the process of investigation and/or discovery.

## PRAYER FOR RELIEF

WHEREFORE, DEFENDANTS, and each of them, pray and request that Plaintiff take nothing by way of its First Amended Complaint and that Defendants, and each of them, recover the following relief at trial:

1. That Plaintiff's First Amended Complaint be dismissed with prejudice;
2. A judgment that Plaintiff's United States Trademark Registration No. 3,015,048 be cancelled;
3. That the costs of this litigation be taxed against Plaintiff;
4. That Defendants, and each of them, be awarded their reasonable attorney's fees in defense of Plaintiff's First Amended Complaint; and
5. That Defendants be awarded such other and further relief that this Honorable Court determines just and proper.

////
////
////
////
////

## COUNTERCLAIM

NOW APPEARS, PAULA DEEN ENTERPRISES, LLC; PAULA DEEN RETAIL, INC.; PAULA DEEN ONLINE, INC.; and MVP GROUP INTERNATIONAL, INC., (hereinafter collectively "Defendants"), and hereby Counterclaim against Plaintiff McCALL'S COUNTRY CANNING, INC. (hereinafter "McCall's") as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 that Defendants' Paula Deen line of candles ("Defendants' Product") does not infringe upon United States Trademark Registration No. 3,015,048, allegedly owned by McCall's, for a candle jar design (alleged "Registered Trade Dress") or certain unregistered jar candle trade dress claimed by McCall's ("Unregistered Trade Dress").

## THE PARTIES

2. PAULA DEEN ENTERPRISES, LLC is a limited liability company organized and existing under the laws of the State of Georgia and has a principal place of business in Thunderbolt, Georgia.

3. PAULA DEEN RETAIL, INC. is a corporation organized and existing under the laws of the State of Georgia and has a principal place of business in Thunderbolt, Georgia.

4. PAULA DEEN ONLINE, INC. is a corporation organized and existing under the laws of the State of Georgia and has a principal place of business in Savannah, Georgia.

5. MVP GROUP INTERNATIONAL, INC. (hereinafter "MVP") is a corporation organized and existing under the laws of the State of Kentucky and has a principal place of business in Charleston, South Carolina.

6. Upon information and belief, McCALL'S COUNTRY CANNING, INC. is a corporation organized and existing under the laws of the State of California and has a principal place of business in Murrieta, California.

## JURISDICTION AND VENUE

7. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1338(a), 2201 and 2202; and 15 U.S.C. §§ 1119 and 1121.

8. This court has personal jurisdiction over McCall's because it transacts business in California and in this District, and maintains contacts in California. McCall's has purposefully directed its business activities toward Southern California, including by advertising, promoting, selling and/or offering for sale in Southern California and elsewhere its products.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the instant counterclaims for declaratory relief (and the subject matter thereof) occurred in this jurisdiction and this counterclaim relates to Plaintiff's complaint, on file herein.

## FACTS

10. In or about February of 2008, MVP began developing a licensed candle line that focused on food fragrances for sale in Wal-Mart stores. MVP obtained a sub-license using the Paula Deen brand in association with this candle line.

11. MVP began manufacturing the Paula Deen candle line in Spring of 2008 and launched the line in Wal-Mart stores in August of 2008.

12. On May 4, 2009 Plaintiff filed a complaint in the United States District Court in the Southern District of California, alleging Trademark and Trade Dress Infringement, Unfair Competition, and other relief.

13. On March 1, 2010 Plaintiff filed its First Amended Complaint alleging: trademark infringement and unfair competition under the Lanham Act; trademark infringement and unfair competition under the California Business and Professions Code; and trademark and unfair competition under the California Common Law. Plaintiff also alleges damages totaling over $192,000,000 for these claims.

## CLAIMS FOR RELIEF

### First Claim for Relief

**(Declaration of Non-Infringement under the Lanham Act, 15 U.S.C. § 1114)**

14. Defendants repeat and incorporate by reference the statements and allegations in paragraphs 1 to 13 of the Counterclaim as though fully set forth herein.

15. This is a claim under 28 U.S.C. §§ 2201 and 2202 for a Declaration that

Defendants' Product 1) does not infringe on the Registered Trade Dress allegedly owned by McCall's because McCall's is not entitled to registration under the Lanham Act; and 2) even if such trade dress is entitled to registration, Defendants' Product is not likely to cause confusion.

16. McCall's Registered Trade Dress is not protected under the Lanham Act because the Registered Trade Dress does not function as a trademark as defined under Section 45 of the Lanham Act, 15 U.S.C. § 1127. McCall's Registered Trade Dress does not indicate the source of McCall's goods, nor does it serve to identify and distinguish McCall's goods from those manufactured or sold by others.

17. McCall's Registered Trade Dress is not entitled to protection under the Lanham Act for the following reasons: McCall's Registered Trade Dress is: a) functional; b) not inherently distinctive; c) has not acquired distinctiveness; and d) Registration No. 3,015,048 is overbroad as drafted, as it does not accurately depict the mark McCall's intended to register.

18. If McCall's Registered Trade Dress was entitled to protection, Defendants' sale of Defendants' Product would not constitute actionable trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, because Defendants' sale of Defendants' Product is not likely to cause confusion, to cause mistake, or to deceive.

19. For the reasons set forth in Paragraphs 10 to 13, there is an actual and existing controversy between McCall's and Defendants under 15 U.S.C. § 1114 regarding the trademark protection to which McCall's is allegedly entitled for the McCall's Registered Trade Dress and whether there is a likelihood of confusion.

20. The essential facts establishing the right to declaratory relief have already occurred in that McCall's Complaint is essentially an infringement suit.

21. Defendants are entitled to an Order declaring that: 1) McCall's Registered Trade Dress does not function as an indication of origin and thus does not constitute a trademark appropriately protected by the Lanham Act; 2) McCall's Registered Trade Dress is functional, non-distinctive, has not acquired distinctiveness, and is overbroad, and thus does not constitute a trademark appropriately protected by the Lanham Act; and 3) Defendants' sale of Defendants Product is not likely to cause confusion.

## Second Claim for Relief

## (Declaration of Non-Infringement under the Lanham Act, 15 U.S.C. § 1125(a))

22. Defendants repeat and incorporate by reference the statements and allegations in paragraphs 1-21 of the Counterclaim as though fully set forth herein.

23. This is a claim under 28 U.S.C. §§ 2201 and 2202 for a Declaration that Defendants' Product does not infringe upon the Unregistered Trade Dress rights allegedly owned by McCall's because McCall's Unregistered Trade Dress is not entitled to protection under the Lanham Act. Furthermore, the sale of Defendants' Product is not likely to cause confusion regarding the source, origin or sponsorship of McCall's Unregistered Trade Dress.

24. McCall's Unregistered Trade Dress is not appropriately protected under the Lanham Act because it does not indicate the source of McCall's goods and does not serve to identify and distinguish McCall's goods from those manufactured or sold by others.

25. McCall's Unregistered Trade Dress is not entitled to protection under the Lanham Act because the purportedly protected elements of McCall's Unregistered Trade Dress is: a) functional; b) not inherently distinctive; and c) has not acquired distinctiveness.

26. If McCall's Unregistered Trade Dress were entitled to protection, Defendants' Product would not constitute actionable trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because Defendants' sale of Defendants' Product is not likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship, or approval of McCall's Unregistered Trade Dress.

27. For the reasons set forth in Paragraphs 10 through 13, there is an actual and existing controversy between McCall's and Defendants under 15 U.S.C. § 1125(a) regarding the trade dress protection to which McCall's is allegedly entitled for McCall's Unregistered Trade Dress and whether there is a likelihood of confusion.

28. The essential facts establishing the right to declaratory relief have already occurred in that McCall's has filed suit against Defendants for infringement.

29. Thus, Defendants are entitled to an Order declaring that 1) McCall's Unregistered Trade Dress does not function as an indication of origin and thus does not constitute trade dress

appropriately protected by the Lanham Act; 2) McCall's Unregistered Trade Dress is functional and non-distinctive, and thus does not constitute trade dress appropriately protected by the Lanham Act; and 3) Defendants' sale of Defendants' Product is not likely to cause confusion, to cause mistake or to decieve.

## PRAYER FOR RELIEF ON COUNTERCLAIMS

WHEREFORE, Defendants request that this Court grant the following relief:

1. That the Court declare that Defendants' design, manufacture, advertising, promotion, distribution, marketing and sale of Defendants' Product neither infringes any of McCall's alleged Unregistered and Registered Trade Dress rights, respectively, nor constitutes unfair competition or otherwise violates any state or federal law;

2. That the Court declare that McCall's does not have any intellectual property right or exclusive right in or to any of Defendants' Product;

3. That the Court declare that Defendants are otherwise without any liability to McCall's, or any of its licensees or assigns, stemming from Defendants' manufacture and/or sale of Defendants' Product;

4. That the Court make any other declaration in favor of Defendants that the Court may deem appropriate;

5. That the Court award Defendants reasonable attorneys' fees, costs and expenses; and

6. All such other and further relief, in law or in equity, to which Defendants may be entitled or which the Court deems just and proper.

////
////
////
////
////
////
////

## DEMAND FOR A JURY TRIAL

Defendants hereby request a jury trial on any issue triable of right by a jury pursuant to Fed. R. Civ. Proc 38.

Respectfully submitted,

Dated: March 18, 2010

MORRIS, SULLIVAN & LEMKUL, LLP

By: /s/ Will Lemkul
Will Lemkul
lemkul@morrissullivanlaw.com
Katherine Jackson
Attorneys for PAULA DEEN ENTERPRISES, LLC; PAULA DEEN RETAIL, INC.; PAULA DEEN ONLINE, INC.; and MVP GROUP INTERNATIONAL, INC.